**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CARLTON WAYNE SOLTON, JR.,**

        **Plaintiff,**

    **v.**                                        **CASE NO. 18-3129-SAC**

**MARK ANDERSON, et al.,**

        **Defendants.**

### NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff, a pretrial detainee, proceeds pro se and seeks leave to proceed in forma pauperis.

### The motion to proceed in forma pauperis

This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess, and collect when funds exist, an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

The Court has examined the financial records supplied by the plaintiff and finds that during the four months he had a negative

average account balance and an average deposit of $36.25. The Court therefore assesses an initial partial filing fee of $7.00, twenty percent of the average deposit, rounded to the lower half dollar. Plaintiff will remain obligated to pay the balance of the $350.00 filing fee in installments calculated under 28 U.S.C. § 1915(b)(2).

## Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint,

however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

### Discussion

The complaint names three defendants: Major Mark Anderson and Captain Regalado of the Geary County Detention Center and the Geary

County Detention Center. The detention center is not a "person" subject to a suit under § 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 64, 71 (1989)(neither a state nor a state agency is a "person" which can be sued under § 1983). Therefore, the Geary County Detention Center is not a proper defendant and is subject to dismissal from this action.

The complaint presents three counts: In Count 1, plaintiff alleges a denial of religious materials. He asserts that the chaplain knows that he is Muslim but refused to provide him with appropriate religious materials. In Count 2, plaintiff alleges he was denied legal copies by unnamed jail personnel. In Count 3, plaintiff alleges reckless endangerment and excessive use of force.

### Denial of religious materials

Prisoners "retain fundamental constitutional rights," including "the reasonable opportunity to pursue one's religion as guaranteed by the free exercise clause of the First Amendment." *Williams v. Wilkinson*, 645 Fed. Appx. 692, 703-04 (10th Cir. 2016)(quoting *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1209 (10th Cir. 1999)). "Under the First and Fourteenth Amendments, inmates are entitled to the reasonable opportunity to pursue their sincerely-held religious beliefs." *Gallagher v. Shelton*, 587 F.2d 1063, 1069 (10th Cir. 2009)(citation omitted). To allege a claim of a denial of free exercise, a prisoner "must adequately allege that the defendants 'substantially burdened [his] sincerely held religious beliefs.'" *Gallagher*, 587 F.3d at 1069 (citing *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)).

"[A] religious exercise is substantially burdened" where "a government prevents participation in conduct motivated by a sincerely

held religious belief." *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1315 (10th Cir. 2010). However, not "every infringement on a religious exercise will constitute a substantial burden." *Id*. at 1316.

The grievance materials attached to the complaint show that plaintiff requested certain materials by an inmate request. On March 38, 2018, the shift supervisor responded in writing that the request would be passed on to the chaplain. On May 4, 2018, the chaplain advised in writing that the materials were not available at the facility and encouraged plaintiff to contact his religious leader for donations. (Doc. #1, Attach. p. 13). In a separate grievance, plaintiff requested a vegan diet. On April 12, 2018, the shift supervisor directed him to contact the chaplain (*id*., p. 15).

Although plaintiff appears to argue that the defendants are required to provide him with the religious materials he seeks, prisons do not have any affirmative duty to provide prisoners with religious materials free of charge. *See, e.g., Cutter v. Wilkinson,* 544 U.S. 709, 720 n. 8 (2005)(finding State had no obligation "to pay for an inmate's devotional accessories"); *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1322 (10th Cir. 2010)(finding that prison was not required to provide a prisoner with softbound books he could not afford, and stating government must refrain from substantially burdening religious exercise but is "not to affirmatively subsidize religion"); *Rea v. Col. Dept. of Corrections*, 2010 WL 5575163 (D. Col. Dec. 7, 2010)("prison officials do not have an affirmative duty to provide free religious materials or other articles to inmates")(citing *Frank v. Terrell*, 858 F.2d 1090, 1091 (5th Cir. 1988)).

Plaintiff's allegations do not show that a named defendant improperly denied his requests for religious materials or a religious

diet.

**Denial of legal material**

Plaintiff next claims his rights were violated by the failure to provide him with copies of legal materials he requested. The grievance materials attached to the complaint show that plaintiff was provided with some legal forms and copies he requested (Doc. #1, Attach., pp. 1-3,6,8). However, when plaintiff lacked funds for copies, his requests were denied and he was referred to his attorney for assistance (*id.*, pp. 4-5, 21-22).

As a prisoner, plaintiff has a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). This right entitles a prisoner to meaningful, but not unlimited, access. "Meaningful access" requires a plaintiff to show that an alleged deprivation impeded his efforts to pursue a nonfrivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In addition, the prisoner must show an "actual injury", not a mere deprivation, to state a claim for relief. *Id*. This requires a plaintiff to show that "any denial or delay of access to the court prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996). "[T]he constitutional obligation to provide inmates access to courts does not require states to give inmates unlimited access to a law library, and inmates do not have the right to select the method by which access will be provided." *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996)(per curiam)(citation omitted). Finally, the legal matters in question must involve "habeas corpus or civil rights actions regarding current confinement." *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995).

Plaintiff's allegations concerning the denial of access to legal

materials are vague and suggest, at most, that an unnamed individual instructed another unnamed individual "to deny [him] copies of legal material, so that [he] wouldn't be prepared for an upcoming courtday" (Doc. #1, p. 5). These allegations are insufficient to state a claim for relief. Plaintiff has not identified any act or omission by a named defendant, nor has he adequately alleged that he suffered an actual injury to his pursuit of a nonfrivolous claim.

### Reckless endangerment, excessive use of force

Because plaintiff is a pretrial detainee, his claim of excessive force arises under the Fourteenth Amendment. *See Graham v. Connor*, 490 U.S. 386, 395 (1989)("Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment."); *Porro v. Barnes*, 624 F.3d 1322, 1326 (10th Cir. 2010). The Eighth Amendment standard provides a benchmark for these claims. *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)(citation omitted). Under that standard, to evaluate whether a corrections officer applied excessive force, the Court must consider "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

Although the complaint broadly alleges the use of force and reckless conduct, it fails to identify specific conduct by a defendant. The grievance materials appear to reflect that plaintiff was forcibly removed from a cell after "after placing [himself] several feet above the ground" and was strapped into a restraint chair, but he does not identify the individual actors (Doc. #1, Attach., pp. 24-25). To proceed on this claim, plaintiff must amend the complaint to explain what each defendant did, when the alleged violation

occurred, how he was harmed, and the rights he believes were violated.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before **July 12, 2018,** plaintiff shall submit an initial partial filing fee of $7.00 to the clerk of the court. Any objection to the fee must be filed on or before that date.

IT IS FURTHER ORDERED that on or before **July 12, 2018,** plaintiff shall show cause why defendant Geary County Detention Center should not be dismissed and why his claims alleging his rights were violated by the deprivation of religious and legal materials should not be dismissed for the reasons discussed herein.

IT IS FURTHER ORDERED that on or before **July 12, 2018,** plaintiff must submit an amended complaint concerning his claim of excessive use of force that complies with the directions of the Court. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED:  This 12th day of June, 2018, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge